## Byrne *against* Haines.

In trespass for cutting timber trees final judgment by default cannot be rendered for the amount of the penalty as fixed by the Statute.

JUDGE *Ellis* delivered the opinion of the Court.

*Haines* brought an action of trespass against *Byrne* in the Circuit Court of *Baldwin* County, and in his declaration charged that *Byrne*, without consent of the owner, entered upon his tract of land and cut down and carried away 100 pine trees, the property of the plaintiff, which sum the said *Byrne* has forfeited to the plaintiff by force of the Statute, &c. and other enormities, &c. The Circuit Court rendered final judgment by default against *Byrne* for $100 and costs; and *Byrne* now assigns this as Error.

By the Statute of 1802, Laws Ala. 364, s. 7, any person who shall cut down, carry away, or destroy any tree upon land not his own, without first having the consent of the owner, shall forfeit and pay to the owner for each tree so cut, &c. a sum as specified in the Act.

By the common law, in all actions in which uncertain damages are sought to be recovered, they must be assessed by verdict before judgment can be rendered. The Statute referred to does not authorize the Circuit Court to render final judgment without the intervention of a Jury ; nor does the case come within the operation of the Statute of 1812, as to actions founded on any writing ascertaining the plaintiff's demand or sum sued for. At common law, the final judgment by default could not have been rendered, and it was not authorized by any Statute. It is the unanimous opinion of the Court, that the judgment be reversed and the cause be remanded.